**Alan Quinn LUCAS, Plaintiff–Appellant,**

v.

**Dayton J. POPPELL, Warden; Michael Davis; Erasmo Bravo; John Beaird; Carla Contreras; Gloria Botello; Gary Shaffer; Antonio Robledo; Ricardo Perez; Mary Guerrero; Shelley**

---

318

Grayson; Tina Olivarez; Michael McGovern, also known as Michael McGouran; Adolfo R. Perez; Mike Cortez; Jose Turrubiartes; Grace Ramirez; Carl Peterson; Helen Hernandez; Isabel Tijerina; Unknown Correctional Officer, Number 1; Unknown Correctional Officer, Number 2; Unknown Correctional Officer, Number 3; Manuel Segura; Berney Keszler; Zehra Peerbhoy; James Heyen; Darla Rudy; Susan Stattmiller; Christine Haskin; Lillian Valentine; Larry Massey; Elisa Bettale; Debi Carver; Dwight Howard; Jessica Trevino; Earnestine Carroll; Luis Delatorre; Mary Beard; Renata Williams; Joshlyn Thomas; Debbie Neal; Bessie Price; One Unknown Medical Personnel; Jorge Cardenas; Ronnie Owens; Texas Tech University Health Science Center; University of Texas Medical Branch; Richard Seward; Gary Johnson, Defendants–Appellees.

No. 03–50352
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 2003.

Alan Quinn Lucas, pro se, Amarillo, TX, for Plaintiff–Appellant.

Mandy Kay McCary, Office of the Attorney General for the State of Texas, Susan M. Stith, Assistant Attorney General, Austin, TX, for Defendants–Appellees.

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM.*

Alan Quinn Lucas, Texas prisoner # 644056, moves to proceed *in forma pauperis* ("IFP") on appeal following the dismissal of three consolidated *pro se* civil actions. By moving for IFP status, Lucas is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997).

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lucas states only that the district court dismissed his actions as "docket management strategy." His brief contains no argument that the district court erred in dismissing claims in each of his actions on the ground that they were frivolous or failed to state a claim, nor does the brief provide any argument that the district court erred in dismissing his actions as malicious. *See* 28 U.S.C. § 1915(e)(2)(B). Even a *pro se* appellant must brief an issue to preserve it for appellate review. *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993). Accordingly, we uphold the district court's order certifying that the appeal was not taken in good faith. Lucas' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh,* 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.

The district court's dismissal of Lucas' claims and actions under § 28 U.S.C. § 1915(e)(2)(B) counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a strike. *See Adepegba v. Hammons,* 103 F.3d 383, 385–87 (5th Cir.1996). Lucas is WARNED that if he accumulates a third strike he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.